# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOBBY CORNELSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-16-959-HE |
| | ) | |
| S&A MANUFACTURING, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Bobby Cornelsen filed this suit against various defendants including defendant Wildcat Minerals, LLC ("Wildcat"). He alleges that he was injured in the course of his employment by Wildcat on February 4, 2014, and that his injuries were caused by Wildcat's failure to provide a safe work environment and/or Wildcat's remanufacturing of the machinery on which plaintiff was injured.

At the status conference on November 7, 2016, the court granted Wildcat's motion to dismiss the claims against it, based on application of the exclusive remedy provision of the Oklahoma Administrative Workers' Compensation Act, 85A Okla. Stat. § 5 (the "exclusivity provision"). Plaintiff was granted leave to amend his complaint to attempt to cure the deficiency, and subsequently filed a Second Amended Complaint. In this complaint, plaintiff also seeks a declaration that the exclusivity provision is a "special law" that violates the Oklahoma Constitution, art. 5, §§ 46, 59.

Wildcat has moved to dismiss the claims asserted against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). It argues that the exclusivity provision is constitutional and that the complaint fails to state a claim that avoids the provision's

application. The court concludes that the second amended complaint does not state a claim that is not barred by the statute, and declines to exercise jurisdiction over any claim for which the state's Administrative Workers' Compensation Act provides the exclusive remedy. *See* Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1224–25 (10th Cir. 2001) (noting that refusal to take jurisdiction over a claim which is barred by state statute is properly dismissed under Rule 12(b)(1)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). The court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). While all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), the complaint still must contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007).

Under the exclusivity provision, an employee who sustains injury in the course of employment must seek recovery through the state's administrative workers' compensation plan. This exclusivity does not, however, bar suit if the injury results from an intentional tort committed by the employer. The provision limits the term "intentional tort" to conduct in which the employer has "willful, deliberate, specific intent . . . to cause [the employee's]

injury." 85A Okla. Stat. § 5(B)(2). The "intentional tort" exception expressly excludes conduct in which an employer is only substantially certain that injury will result.[1]

The complaint does not set forth facts sufficient to satisfy the statute's requirements for an intentional tort. The second amended complaint includes no factual allegation supporting the bare assertion that Wildcat "desired to bring about [p]laintiff's injury" or that its conduct was willful and intentional. Doc. #27, p. 5. The complaint alleges that Wildcat was aware of safety regulation violations and was aware of the risk of injury to "any persons who would be at the Wildcat [y]ard" or who would operate the same machinery as plaintiff, but this does not support an inference that Wildcat had ignored these risks with the specific intent to injure *plaintiff*. The complaint has therefore pleaded no basis that falls outside the terms of the exclusivity provision, for a claim that admittedly arose within the scope of plaintiff's duties and employment.

Plaintiff seeks to avoid this result by arguing that 85A Okla. Stat. § 5 is unconstitutional as a prohibited special law under Art. 5, § 46 or § 59 of the Oklahoma Constitution. He relies principally on an unpublished Oklahoma Court of Civil Appeals decision reaching that result. Wells v. Okla. Roofing & Sheet Metal, L.L.C., No. 112,844 (Okla. Civ. App. Apr. 28, 2016).[2] As the parties have noted, that decision is on appeal to the Oklahoma Supreme Court.

---

[1] *Prior to the state legislature's adoption of this standard for "intentional tort," the Oklahoma Supreme Court interpreted the standard of intent to require "substantial certainty" that injury would result. Parret v. UNICCO Serv. Co., 127 P.3d 572 (Okla. 2005).*

[2] *Wells examined the constitutionality of the intentional tort standard in 85 Okla. Stat. § 12, which was effective until the Oklahoma legislature overhauled the workers' compensation laws in*

3

The question is, of course, one of Oklahoma law and the Oklahoma Supreme Court's determination of the applicability of either § 46 or § 59 will be final. However, based on this court's review of Wells and the parties' submissions here, the court concludes the statute is unlikely to be invalidated as a special law. Oklahoma has long recognized that the legislature can enact a workers' compensation scheme treating employee workplace claims against employers differently from claims asserted against third parties. Mo. Valley Bridge Co. v. State Indus. Comm'n, 207 P. 562, 564 (Okla. 1922). And there is no reason to assume that the Oklahoma Constitution would, in general, prevent the legislature from creating multiple types of claims based on the nature of a defendant's knowledge, intent, conduct, or other factors, or from defining the scope of the state's workers' compensation program on the same basis. Applying these principles here, it is difficult to see how the exclusivity provision results in an impermissible classification.

In any event, the court concludes for purposes of the present motion that plaintiff has not shown a basis for avoiding the presumption of constitutionality that applies to any statute, *see* Lee v. Bueno, 381 P.3d 736, 740 (Okla. 2016), and that 85A Okla. Stat. § 5 provides the applicable standard here. As the amended complaint does not allege a factual basis for inferring that plaintiff's employer deliberately and intentionally sought to injure him, Wildcat's motion to dismiss [Doc. #34] is **GRANTED** and the claim against it will be dismissed.

---

*2011. The successor statute in effect at the time of plaintiff's injury, 85A Okla. Stat. § 5, recites the same standard.*

**IT IS SO ORDERED**.

Dated this 28th day of April, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE